IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| DEMAX USA INC., <br><br> *Plaintiff*, <br><br> v. <br><br> MAYFLOWER AUTO EQUIPMENTS INC., <br><br> *Defendant*. | Civil Action No. 4:26-cv-0177 <br><br> JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Demax USA Inc. ("Demax") files this Complaint against Defendant Mayflower Auto Equipments Inc. ("Mayflower" or "Defendant") and states as follows:

**NATURE OF THE CASE**

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285.

**PARTIES**

2. Plaintiff Demax is a corporation organized and existing under the laws of the State of Texas, with its principal place of business at 1250 Wattley Way, Ste. 200a, McKinney, TX 75069.

3. Defendant Mayflower Auto Equipments Inc. is a corporation organized and existing under the laws of the State of California, with its principal place of business at 11588 Valley Oak Ln., Corona, CA 92883. Mayflower also maintains a place of business at 1991 Lakepointe Dr., Lewisville, TX 75057, from which it imports and distributes the infringing products.

4.      Defendant makes, uses, sells, offers for sale, and/or imports throughout the United States, including within this District, infringing products (such as Mayflower tire changers) and places such products into the stream of commerce via established distribution channels knowing or understanding that such products would be sold and used in the United States, including in the Eastern District of Texas. Defendant purposefully directs the Accused Products into established distribution channels within this District and the U.S. nationally. For example, Defendant sells and offers to sell the Accused Products through its website, mayflowertools.com, and via its Amazon.com storefront (Amazon Store ID: A3BLFHJQSTX1VV), which may be accessed throughout the United States, the State of Texas, and this District.  Additionally, Defendant maintains a place of business within this judicial district at 1991 Lakepointe Dr., Lewisville, TX 75057, from which it imports and/or distributes the infringing products.

## JURISDICTION AND VENUE

5.      This action arises under the patent laws of the United States, Title 35 of the United States Code ("U.S.C.") § 101 *et seq*.

6.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7.      This Court has personal jurisdiction over Defendant because Defendant has committed acts within the Eastern District of Texas giving rise to this action and has established minimum contacts with the Eastern District of Texas such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice. For example, Defendant has offered the Accused Products for sale within this judicial district. Additionally, Defendant maintains a place of business in this judicial district at 1991 Lakepointe Dr., Lewisville, TX 75057. On information and belief, Defendant has imported the Accused Products into the State of Texas and this judicial district to its location in Lewisville, Texas.

8. Venue is proper in this District under 28 U.S.C. § 1400(b). Defendant maintains a place of business within this judicial district at 1991 Lakepointe Dr., Lewisville, TX 75057, from which it imports and/or distributes the infringing products.

## THE ASSERTED PATENTS

9. On September 10, 2013, U.S. Patent Number 8,528,620 (the "'620 Patent"), entitled "Swing Arm Style Tire Changer," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '620 Patent is attached as Exhibit A to this Complaint.

10. The '620 Patent issued from PCT No. PCT/CN2008/070125, which claims priority to China Patent Application No. 2007 2 0077204 U, filed December 25, 2007.

11. The '620 Patent claims patent-eligible subject matter and is valid and enforceable.

12. Demax is the exclusive licensee of the '620 Patent including the right to sue for and collect past, present, and future damages and to seek and obtain injunctive or any other relief for infringement of the '620 Patent.

## THE ACCUSED PRODUCTS

13. Defendant makes, uses, sells, offers for sale, and/or imports into the United States swing arm style tire changers, *e.g.*, the 3.0 HP Heavy Duty New Double Assist Arms Tire Changer Wheel Changers Machine 988 and Tire Changer model: 560/950 with Mayflower Tire Changer Double Assist Arm Model 232,  that infringe at least claims 1, 2, 3, 4, 5, 7, 9, and 12 of the '620 Patent (the "Accused Products").

## CLAIM I: INFRINGEMENT OF THE '620 PATENT

14. Demax hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

15. Defendant directly and/or through its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly and/or indirectly infringe claims 1, 2, 3, 4, 5, 7, 9, and 12 of the '620 Patent pursuant to 35 U.S.C. § 271(a) by making, using, selling, offering to sell, and/or importing the Accused Products into the United States.

16. Attached hereto as Exhibit B is a chart showing how the Accused Products infringe each element of each asserted claim of the '620 Patent.

17. Defendant has had actual notice of the '620 Patent and the infringement alleged herein at least as early as December 30, 2025.

18. Therefore, Defendant is liable for infringement of the '620 Patent and its infringement has been and continues to be willful in nature.

19. Plaintiff Demax has incurred and will continue to incur substantial damages, including monetary damages.

20. Plaintiff Demax has been and continues to be irreparably harmed by Defendant's infringement of the '620 Patent.

21. Therefore, Plaintiff Demax is entitled to an injunction, actual and/or compensatory damages, reasonable royalties, pre-judgment and post-judgment interest, enhanced damages, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Demax requests that a judgment be entered in favor of Demax and against Defendant, and that Demax be granted the following relief:

(i) A finding that Defendant has directly infringed one or more claims of the '620 Patent, either literally and/or under the doctrine of equivalents;

(ii) An award of damages sufficient to compensate Demax for Defendant's infringement of the '620 Patent pursuant to 35 U.S.C. § 284;

(iii) An award of prejudgment and post-judgment interest pursuant to 35 U.S.C. § 284;

(iv) A payment of ongoing royalties in an amount to be determined for any continued infringement after the date that judgment is entered;

(v) Treble damages for willful infringement as permitted under 35 U.S.C. § 284;

(vi) An award of attorneys' fees incurred in prosecuting this action, on the basis that this is an exceptional case as provided by 35 U.S.C. § 285;

(vii) An order enjoining Defendant, its officers, subsidiaries, agents, servants, and employees, and all persons in active concert with any of the foregoing from further infringement of the Asserted Patent for its remaining life; and

(viii) Such other and further relief as this Court shall deem appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury of any and all issues triable of right before a jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED: February 18, 2026

Respectfully submitted,

By: /s/ Stevenson Moore
Stevenson Moore V
Texas Bar No. 24076573
smoore@nilawfirm.com
Nicholas Najera
Texas Bar No. 24127049
nnajera@nilawfirm.com

NI, WANG & MASSAND, PLLC
8140 Walnut Hill Ln., Ste. 615
Dallas, TX 75251

Tel: (972) 331-4600
Fax: (972) 314-0900

*Counsel for Plaintiff*